UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERTO HERNANDEZ RIVERA,

    Petitioner,

    v.

MARKWAYNE MULLIN, et al.,

    Respondents.

Case No. 2:26-cv-02230-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Roberto Hernandez Rivera is a 23-year-old citizen of Mexico who entered the United States without inspection approximately three years ago. Dkt. 1 ¶¶1–2; Dkt. 7-1 at 3. On May 20, 2026, Petitioner was detained by local law enforcement in Utah during a traffic stop after he admitted to not possessing a valid driver's license. Dkt. 6 ¶ 5. He was transferred to Immigration and Customs Enforcement ("ICE") custody on May 26 and sent to the Northwest ICE Processing Center in Tacoma, Washington, where he remains detained. *Id.* ¶ 7. ICE has initiated removal proceedings against Petitioner. *Id.* ¶ 8. Petitioner has no known criminal history and has not yet had a bond hearing before an Immigration Judge ("IJ"). Dkt. 1 ¶¶ 5–6; Dkt. 7-1 at 3.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

On June 26, 2026, Petitioner filed this petition for writ of habeas corpus, arguing primarily that his mandatory detention violates the Due Process Clause of the Constitution. Dkt. 1 ¶¶ 32–60. On July 13, Federal Respondents filed a return to the habeas petition. Dkt. 5. On July 20, Petitioner filed a traverse. Dkt. 9. The habeas petition is now ready for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

Although Petitioner does not expressly rely on the Court's decision in *Rodriguez Vazquez*, *see* Dkt. 1, this matter falls squarely within its parameters. Without specifically referring to the three prongs of *Rodriguez Vazquez*, Petitioner challenges the validity of his current detention under 8 U.S.C. § 1225(b) and states facts that demonstrate his membership in the *Rodriguez Vazquez* class. It is undisputed that at some point in 2023, Petitioner entered the United States without inspection, was not apprehended upon arrival, and is not subject to detention under any of the disqualifying provisions set forth in *Rodriguez Vazquez*. The Court determined that similarly situated petitioners in *Rodriguez Vazquez* were entitled to a bond hearing, holding that the Immigration and Nationality Act ("INA") does not require mandatory detention of noncitizens who meet the three prongs set forth in the definition of class membership. *Rodriguez Vazquez*, 802 F. Supp. 3d at 1336. And while Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioner is a member of the Bond Denial Class for purposes of this matter. Dkt. 5 at 5.

To the extent that Petitioner raises alternative arguments regarding his detention based on alleged constitutional violations, *see* Dkt. 1 ¶¶ 32–60, under the doctrine of constitutional avoidance, the Court need not reach these claims. *See Green v. Miss U.S. of Am., LLC*, 52 F.4th 773, 795 (9th Cir. 2022) (explaining that under the "long tradition of constitutional avoidance," courts typically "should resolve a case, when possible, on statutory grounds before reaching any constitutional question"). The Court's construction of the INA adopted in *Rodriguez Vazquez* entitles Petitioner to the same relief he would receive if the Court found his mandatory detention violated due process—an individualized bond hearing before an IJ. *See, e.g.*, *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1120 (W.D. Wash. 2019) (holding that due process requires a bond hearing once mandatory detention becomes unreasonably prolonged). And if the IJ abuses

their discretion when applying the law to Petitioner's request for bond, Petitioner may appeal that decision to the BIA or seek relief from that violation in a subsequent habeas petition. *See Martinez v. Clark*, 124 F.4th 775, 783–84 (9th Cir. 2024) (explaining that determination whether noncitizen presents a danger to the community or risk of flight is reviewable in habeas as a mixed question of fact and law). Petitioner's request for immediate release is unjustified. Petitioner relies on procedural due process cases arising from the re-detention of noncitizens previously released on bond or orders of recognizance. *See* Dkt. 1 ¶¶ 55–60. As Federal Respondents correctly argue, those cases are distinguishable because they are based on the noncitizen's liberty interest arising from the government's promise that they could stay in the community pending removal proceedings under certain conditions of supervision. *See* Dkt. 5 at 6. Here, Petitioner has never previously been detained and released by immigration officials, so that procedural due process analysis does not apply to his current detention.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioner has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within fourteen days of receiving Petitioner Roberto Hernandez Rivera's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3. If Petitioner is released, Respondents must return any personal property to him, including any personal identification document (other than a passport) and any employment authorization document.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

4.  Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to meet and confer on any fee request before filing a petition.

Dated this 22nd day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5